## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK AND ELAINE SCHRODER | § § § | |
| Plaintiffs, | § § | **Case No.** _____ |
| VS. | § § | **Jury Demand** |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE and CURTIS MARTIN | § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Defendants Nationwide Property and Casualty Insurance Company and Curtis Martin ("Defendants") file this Notice of Removal of the above-styled action pursuant to 28 U.S.C. §§ 1446(a) and would respectfully represent and show unto this Court the following:

### A.  Introduction

1. Pursuant to Local Rules 3 and 81, Defendant attaches an index of matters being filed to this Notice, its Civil Cover Sheet, Cause No. 15-11-12639's docket sheet, and list of online filings. *See Exhibits A through E.*

2. On or about November 30, 2015, Plaintiffs Patrick Schroder and Elaine Schroder ("Plaintiffs") initiated a state-court lawsuit against Defendants Nationwide Property and Casualty Insurance Company and Curtis Martin in the 284th District Court of Montgomery County, Texas styled *Patrick and Elaine Schroeder v. Nationwide Property and Casualty Insurance and Curtis Martin*; pending as Cause No. 15-11-12639 ("the state court action"). In the state court action, Plaintiffs seek actual damages for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade

Practices Act, and fraud. Further, Plaintiffs seek attorneys' fees, treble damages, exemplary

damages and 18% interest. *See Plaintiffs' Original Petition*, attached hereto as Exhibit "D".

      3.      The attorneys involved in the action being removed are listed as follows:

| Party and Party Type | Attorney(s) |
|---|---|
| Patrick Schroder - Plaintiff | Chad T. Wilson<br>State Bar No. 24079587<br>Chad T. Wilson Law Firm PLLC<br>1322 Space Park Drive, Suite A155<br>Houston, Texas 77058<br>832.415.1432 |
| Elaine Schroder - Plaintiff | Chad T. Wilson<br>State Bar No. 24079587<br>Chad T. Wilson Law Firm PLLC<br>1322 Space Park Drive, Suite A155<br>Houston, Texas 77058<br>832.415.1432 |
| Nationwide Property and Casualty Insurance Company - Defendant | Randall G. Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670 |
| Curtis Martin – Defendant | Randall G. Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670 |

      4.      The name and address of the court from which the case is being removed is:

The Honorable Cara Wood
284th Judicial District Court, Montgomery County, Texas

301 North Main, Suite 201
Conroe, Texas 77301
936.539.7861 – phone
936.538.3572 – fax

### B.  Notice of Removal Timely

5.      Defendants Nationwide Property and Casualty Insurance Company and Curtis Martin were served with process and a copy of Plaintiffs' suit on December 4, 2015 and December 17, 2015, respectively. *See* Exhibit "E". Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Consequently, this Notice of Removal is timely.

### C.  Complete Diversity

6.      Pursuant to the state court action, Plaintiffs Patrick and Elaine Schroder are residents of Montgomery County, Texas and citizens of Texas.

7.      Defendant Nationwide Property and Casualty Insurance Company is now, and was at all times relevant hereto, a citizen of the state of Ohio, incorporated in the state of Ohio, and having its principal place of business in the state of Ohio.

8.      Defendant Curtis Martin is a resident of Huntsville, Alabama and is a citizen of Alabama.

9.      In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(b).

### D. AMOUNT IN CONTROVERSY

10.     Plaintiffs' Original Petition alleges actual damages, seeks three times the amount of actual damages (actual damages alleged $37,628.45 and three times this amount equals $112,885.35), and seeks attorneys' fees, interest and exemplary damages. Exhibit D at 14-17.

11.     In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought, and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

## E. ALL PLEADINGS OF STATE COURT ACTION ATTACHED AS EXHIBITS

12.     Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit E.

## F. BASIS FOR REMOVAL

13.     Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiffs are citizens and residents of Texas, Defendants are citizens and residents of Ohio and Alabama, and since the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

## G. FILING OF NOTICE WITH STATE COURT

14.     Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiffs through their attorney of record and to the clerk of the state court action.

## H. JURY DEMAND

15.     Plaintiffs made a jury demand in state court. Defendants also request a jury demand at this time.

## PRAYER

16.     WHEREFORE, PREMISES CONSIDERED, Defendants Nationwide Property and Casualty Insurance Company and Curtis Martin request that this Court proceed with the handling of this cause of action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that it have such other and further relief to which it may show itself entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY:     */s/ Randall G. Walters*
RANDALL G. WALTERS - 20819480
Meadow Park Tower
10440 N. Central Expy, Suite 1500
Dallas, Texas 75231
214/347-8381 - FAX
214/347-8380 - DIRECT
214/749-4805 - MAIN
Email: randy.walters@wbclawfirm.com
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of December, 2015, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/ Randall G. Walters
RANDALL G. WALTERS

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

PATRICK AND ELAINE
SCHRODER

      Plaintiffs,

VS.

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE and CURTIS
MARTIN

      Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

**Case No. _____**

**Jury Demand**

## INDEX OF MATTERS BEING FILED

DEFENDANTS NATIONWIDE PROPERTY AND CASUALTY INSURANCE

COMPANY AND CURTIS MARTIN' ("Defendants") NOTICE OF REMOVAL:

EXHIBIT A:   Index

EXHIBIT B:   Civil Case Cover Sheet

EXHIBIT C:   Docket Sheet and list of filings from state court action (Cause No. Cause No. 15-

           11-12639)

EXHIBIT D:   Plaintiffs' Original Petition

EXHIBIT E:   State Court Pleadings and Filings

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: _/s/ Randall G. Walters_
RANDALL G. WALTERS - 20819480
Meadow Park Tower
10440 N. Central Expy, Suite 1500
Dallas, Texas 75231
214/347-8381 - FAX
214/347-8380 - DIRECT
214/749-4805 - MAIN
Email: randy.walters@wbclawfirm.com
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of December, 2015, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

_/s/ Randall G. Walters_
RANDALL G. WALTERS

EXHIBIT B

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Patrick Schroder<br>Elaine Schroder | Nationwide Property and Casualty Insurance Company<br>Curtis Martin |

| (b) County of Residence of First Listed Plaintiff    Montgomery County<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Franklin County, Ohio<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Chad T. Wilson Law Firm PLLC<br>1322 Space Park Drive, Suite A155<br>Houston, Texas 77058 | Attorneys *(If Known)*<br>Walters Balido & Crain, LLP<br>10440 N. Central Expressway, Suite 1500<br>Dallas, Texas 75231 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government<br>      Plaintiff
- ☐ 3   Federal Question<br>      *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government<br>      Defendant
- ☒ 4   Diversity<br>      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - |      of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |      Product Liability | ☐ 690 Other |      28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |      Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |      Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|      & Enforcement of Judgment |      Slander |      Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |      Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |      Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark |      Corrupt Organizations |
|      Student Loans | ☐ 340 Marine |      Injury Product | | | ☐ 480 Consumer Credit |
|      (Excludes Veterans) | ☐ 345 Marine Product |      Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |      Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|      of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud |      Act | ☐ 862 Black Lung (923) |      Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |      Product Liability | ☐ 380 Other Personal |      Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |      Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |      Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - |      Product Liability |      Leave Act | |      Act |
| |      Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |      Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |      Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | |      or Defendant) |      Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |      Sentence | |      26 USC 7609 |      State Statutes |
| ☐ 245 Tort Product Liability |      Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |      Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |      Other | ☐ 550 Civil Rights |      Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |      Conditions of | | | |
| | |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original<br>     Proceeding
- ☒ 2   Removed from<br>     State Court
- ☐ 3   Remanded from<br>     Appellate Court
- ☐ 4   Reinstated or<br>     Reopened
- ☐ 5   Transferred from<br>     Another District<br>     *(specify)*
- ☐ 6   Multidistrict<br>     Litigation

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>28 U.S.C. § 1332<br>Brief description of cause: |
|---|---|

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):*    JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/29/2015 | /s/Randall G. Walters |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# EXHIBIT C

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 15-11-12639

| | |
|---|---|
| Patrick Schroder, Elaine Schroder VS. Nationwide Property and Casualty Insurance Company, Curtis Martin §<br>§<br>§<br>§<br>§ | Case Type: **Contract**<br>**Consumer/Comm/Debt**<br>**>$100,000 but <$200,000**<br>Date Filed: **11/30/2015**<br>Location: **284th Judicial District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Martin, Curtis**<br><br>Huntsville, AL 35802-3210 | **RANDALL G WALTERS**<br>*Retained*<br>214-741-4805(W) |
| Defendant | **Nationwide Property and Casualty Insurance Company**<br>Austin, TX 78701-3218 | |
| Plaintiff | **Schroder, Elaine**<br><br>The Woodlands, TX 77381-5173 | **Chad T. Wilson**<br>*Retained*<br>832-415-1432(W) |
| Plaintiff | **Schroder, Patrick** | **Chad T. Wilson**<br>*Retained*<br>832-415-1432(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 11/30/2015 | Original Petition (OCA) |
| 11/30/2015 | E-Filed Original Petition Document |
| 11/30/2015 | Letters |
| 11/30/2015 | Civil Case Information Sheet |
| 11/30/2015 | Jury Trial Requested |
| 11/30/2015 | Jury Fee Paid |
| 12/01/2015 | Certified Mail Citation |

| | | |
|---|---|---|
| Nationwide Property and Casualty Insurance Company | Served | 12/04/2015 |
| | Returned | 12/17/2015 |
| Martin, Curtis | Served | 12/17/2015 |
| | Returned | 12/17/2015 |

| | |
|---|---|
| 12/11/2015 | Answer |

---

### FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff** Schroder, Patrick | |
| Total Financial Assessment | 519.00 |
| Total Payments and Credits | 519.00 |
| **Balance Due as of 12/29/2015** | **0.00** |

| | | | |
|---|---|---|---|
| 11/30/2015 | Transaction Assessment | | 519.00 |
| 11/30/2015 | E-File Electronic Payment  Receipt # 2015-62675 | Schroder, Patrick | (519.00) |

# EXHIBIT D



CORPORATION SERVICE COMPANY

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 14538572**
**Date Processed: 12/04/2015**

| | |
|---|---|
| Primary Contact: | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| Copy of transmittal only provided to: | Rebecca Lewis<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| Entity: | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| Entity Served: | Nationwide Property and Casualty Insurance Company |
| Title of Action: | Patrick Schroder vs. Nationwide Property and Casualty Insurance Company |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Montgomery County District Court, Texas |
| Case/Reference No: | 15-11-12639 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 12/04/2015 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Montgomery Co. Dist. Clerk's Office
E Dobbs
301 N Main Street

Conroe      TX     77301



USPS CERTIFIED MAIL™

9214 8901 4633 9311 2469 30

Nationwide Property and Casualty Insurance
Company
c/o Corporation Service Company
211 E 7th Street, Suite 620

Austin        TX   78701-3218

# CITATION

### Cause Number: 15-11-12639

Clerk of the Court
Barbara Gladden Adamick
P.O Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Chad T. Wilson
1322 Space Park Dr  Ste A 155
Houston TX  77058

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:  Nationwide Property and Casualty Insurance Company
     c/o Corporation Service Company
     211 E 7th Street Suite 620
     Austin TX, 78701-3218

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed in said court on this the 30th day of November, 2015 numbered 15-11-12639 on the docket of said court, and styled, Patrick Schroder, Elaine Schroder VS. Nationwide Property and Casualty Insurance Company, Curtis Martin

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 1st day of December, 2015.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: _Emily Dobbs_

Emily Dobbs, Deputy

# OFFICER'S RETURN

Cause No. 15-11-12639

Court No: 284th Judicial District Court

Style: Patrick Schroder, Elaine Schroder VS. Nationwide Property and Casualty Insurance Company, Curtis Martin

To: Nationwide Property and Casualty Insurance Company

Address:  c/o Corporation Service Company
          211 E 7th Street Suite 620
          Austin TX 78701-3218

Came to hand the ____ day of _____, 20 ___ at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure, at the following times and places, to wit:

Name          Date/Time        Place, Course and distance from Courthouse
_____

Manner of service:_____

*And not executed as to the defendants(s)
The diligence used in finding said defendant(s) being:_____

And the cause of failure to execute this process is:_____

And information received as to the whereabouts of said defendant(s) being:

FEES:
Serving Petition and Copy          $ _____
TOTAL                              $ _____

                                           OFFICER
                                           County, Texas
                                   By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107, the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___, and my address is_____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____, on the ___ day of _____, 20____.

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

Received and E-Filed for Record
11/30/2015 12:29:32 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 15-11-12639 _____

| | | |
|---|---|---|
| PATRICK AND ELAINE SCHRODER, | § | IN THE JUDICIAL COURT OF |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE | § | |
| COMPANY AND CURTIS MARTIN, | § | Montgomery County - 284th Judicial District Court |
| | § | |
| **Defendants.** | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Patrick and Elaine Schroder ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Nationwide Property and Casualty Insurance Company ("Nationwide") and Curtis Martin ("Martin") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiffs, Patrick and Elaine Schroder, reside in Montgomery County, Texas.

3.    Defendant, Nationwide Property and Casualty Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Nationwide, through its registered agent for service, **Corporation**

**Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiffs request service at this time.

4.  Defendant, Curtis Martin, is an adjuster in the course and working scope of employment with Nationwide. Plaintiffs request service of citation upon Curtis Martin at the address listed with the Texas Department of Insurance: **830 El Dorado Avenue, Huntsville, Alabama 35802-3210**. Plaintiffs request service at this time.

## JURISDICTION

5.  The Court has jurisdiction over Nationwide because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Nationwide's business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

6.  The Court has jurisdiction over Martin because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

## VENUE

7.  Venue is proper in Montgomery County, Texas, because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.  Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of

2

the Texas Insurance Code, and violations of the Texas DTPA.

9.  Plaintiffs own a Nationwide homeowner's insurance policy, number 7842HO459075 ("the
    Policy"), which was issued by Nationwide.  At all relevant times, Plaintiffs owned the
    insured premises located at 51 Somerset Pond Place, The Woodlands, Texas 77381-5173
    ("the Property").

10. Nationwide or its agent sold the Policy, insuring the Property, to Plaintiffs.  Nationwide
    represented to Plaintiffs that the Policy included hail and windstorm coverage for damage
    to Plaintiffs' home.  Nationwide has refused that coverage which includes, but is not
    limited to, replacement of the roof in a manner that complies with Montgomery County
    building codes.

11. On or about April 19, 2015, the Property sustained extensive damage resulting from a
    severe storm that passed through the Woodlands, Texas, area.

12. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Nationwide
    against the Policy for damage to the Property.  Nationwide assigned claim number 7842
    459075HO15041901 to Plaintiffs' claim.

13. Plaintiffs asked Nationwide to cover the cost of damage to the Property pursuant to the
    Policy.

14. Nationwide hired or assigned Martin to inspect and adjust the claim.

15. Martin conducted an initial inspection of the Property on or about June 11, 2015.  Martin
    generated an estimate to repair wind damage to the roof in the amount of $971.28.
    Specifically, Martin authorized the repair of one (1) wind damaged square, along with the
    replacement of six (6) exhaust caps and three (3) roof vents.

3

16.     After application of the Policy deductible, Plaintiffs were left with $0.00 to complete
        repairs to the Property.

17.     Martin conducted a re-inspection of the Property on or about September 21, 2015. Martin
        included the same wind damages as in his initial report and added additional damages to
        the gutter and downspouts. Martin's estimate of damages after his re-inspection totaled
        $3,471.08.

18.     Again, however, after application of the Policy deductible, Plaintiffs were left with $0.00
        to complete repairs to the Property.

19.     Subsequently, Nationwide hired Donan Engineering to inspect the Property for wind and
        hailstorm damage. Donan acknowledged dents in "metal surfaces such as roof ventilators
        and gutters" and "in downspouts on the left and right elevation." However, Donan claimed
        the hail did "not significantly reduce the service life of the impacted shingles" and that the
        downspouts had "mechanical damage."

20.     The Donan report directly contradicts the re-inspection report by Martin that included
        substantial gutter and downspout damage.

21.     To date, Plaintiffs have not received any payment to make repairs to their Property. The
        replacement cost is currently estimated at $37,628.45.

22.     Nationwide, through its agent, Martin, conducted a substandard and improper inspection
        of the Property, which grossly undervalued the cost of repairs and yielded an unrealistic
        amount to underpay coverage.

23.     Nationwide has ultimately refused full coverage which includes, but is not limited to,
        replacement of the roof and additional exterior damage, in a manner that complies with

4

Montgomery County building codes.

24.   As stated above, Nationwide improperly adjusted Plaintiffs' claim.  Without limitation, Nationwide misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

25.   Nationwide made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Nationwide made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Martin.

26.   Plaintiffs relied on Nationwide's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property.  Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

27.   Upon receipt of the inspection and estimate reports from Martin, Nationwide failed to assess the claim thoroughly.  Based upon Nationwide's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Nationwide failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

28.   Because Nationwide failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiffs' Property.

5

29.   Furthermore, Nationwide failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Nationwide refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

30.   Nationwide's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant Nationwide and Plaintiffs.

31.   Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Nationwide has failed to settle Plaintiffs' claim in a fair manner, although Nationwide was aware of its liability to Plaintiffs under the Policy. Specifically, Nationwide has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

32.   Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Nationwide failed to provide Plaintiffs a reasonable explanation for partial denial of the claim.

33.   Additionally, after Nationwide received statutory demand on or about September 30, 2015, Nationwide has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

34.   Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Nationwide refused to provide full coverage to Plaintiffs under the Policy due to Defendants' failure to conduct a reasonable investigation.

35.   Specifically, Nationwide, through its agents, servants, and representatives, namely Martin, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

36.   Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Nationwide failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

37.   Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Nationwide has delayed full payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received rightful payment for their claim.

38.   Nationwide's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

39.     Nationwide is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiffs.

40.     Nationwide's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

41.     Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

42.     Nationwide's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

43.     Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

8

44.   Nationwide's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

45.   Nationwide's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46.   Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

47.   Nationwide's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48.   Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

49.   Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Nationwide knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

50.     Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Nationwide pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Nationwide. Specifically, Nationwide's violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nationwide's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.      Nationwide represented to Plaintiffs that the Policy and Nationwide's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.      Nationwide represented to Plaintiffs that Nationwide's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

10

E.      Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.      Nationwide's actions are unconscionable in that Nationwide took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.      Nationwide's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

51.     Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiffs' damages.  All of Nationwide's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

52.     Nationwide is liable to Plaintiffs for common law fraud.

53.     Every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Nationwide knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

11

54.   Nationwide made these statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT CURTIS MARTIN

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

55.   Martin's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

56.   Martin is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Nationwide, because Martin is a "person," as defined by TEX. INS. CODE §541.002(2).

57.   Martin's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

58.   Martin's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a) (3).

59.   Martin knowingly underestimated the amount of damage to the Property.  As such, Martin failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

60.    Furthermore, Martin did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

61.    Martin's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Martin pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Martin. Specifically, Martin's violations of the DTPA include the following matters:

   A.    By his acts, omissions, failures, and conduct, Martin has violated sections 17.46(b) (2), (5), and (7) of the DTPA. Martin's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B.    Martin represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

   C.    Martin represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

   D.    Martin's actions are unconscionable in that Martin took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Martin's

13

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Martin's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

62.    Each of Martin's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Martin, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

63.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

64.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

65.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above.

14

66.    Plaintiffs currently estimate that actual damages to the Property under the Policy are $37,628.45.

67.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

68.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, consequential damages, together with attorney's fees.

69.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

70.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

71.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Nationwide owed, exemplary damages, and damages for emotional distress.

15

72.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

73.    For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

74.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

75.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment

16

interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

76.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

77.    Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Nationwide Property and Casualty Insurance Company and Curtis Martin, be cited and served to appear, and that upon trial hereof, Plaintiffs, Patrick and Elaine Schroder, recover from Defendants, Nationwide Property and Casualty Insurance Company and Curtis Martin, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

17

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Kimberly N. Blum
Bar No. 24092148
Kblum@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFFS

18

**CERTIFIED MAIL**™





U.S. POSTAGE ≫ PITNEY BOWES



ZIP 77301   **$ 006.49**⁰
02 1W
0001376286 DEC. 02. 2015



Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 15-11-12639

| | |
|---|---|
| Patrick Schroder, Elaine Schroder VS. Nationwide Property and Casualty Insurance Company, Curtis Martin | § § § § § |

Case Type:  **Contract**
            **Consumer/Comm/Debt**
            **>$100,000 but <$200,000**
Date Filed:  **11/30/2015**
Location:   **284th Judicial District Court**

---

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Martin, Curtis | **RANDALL G WALTERS** |
| | Huntsville, AL 35802-3210 | *Retained* |
| | | 214-741-4805(W) |
| Defendant | Nationwide Property and Casualty Insurance Company | |
| | Austin, TX 78701-3218 | |
| Plaintiff | Schroder, Elaine | **Chad T. Wilson** |
| | The Woodlands, TX 77381-5173 | *Retained* |
| | | 832-415-1432(W) |
| Plaintiff | Schroder, Patrick | **Chad T. Wilson** |
| | | *Retained* |
| | | 832-415-1432(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 11/30/2015 | Original Petition (OCA) | | |
| 11/30/2015 | E-Filed Original Petition Document | | |
| 11/30/2015 | Letters | | |
| 11/30/2015 | Civil Case Information Sheet | | |
| 11/30/2015 | Jury Trial Requested | | |
| 11/30/2015 | Jury Fee Paid | | |
| 12/01/2015 | Certified Mail Citation | | |
| | Nationwide Property and Casualty Insurance Company | Served | 12/04/2015 |
| | | Returned | 12/17/2015 |
| | Martin, Curtis | Served | 12/17/2015 |
| | | Returned | 12/17/2015 |
| 12/11/2015 | Answer | | |

---

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff Schroder, Patrick** | | |
| | Total Financial Assessment | | 519.00 |
| | Total Payments and Credits | | 519.00 |
| | **Balance Due as of 12/29/2015** | | **0.00** |
| 11/30/2015 | Transaction Assessment | | 519.00 |
| 11/30/2015 | E-File Electronic Payment   Receipt # 2015-62675 | Schroder, Patrick | (519.00) |

# EXHIBIT E



CORPORATION SERVICE COMPANY

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 14538572**
**Date Processed: 12/04/2015**

| | |
|---|---|
| Primary Contact: | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| Copy of transmittal only provided  to: | Rebecca Lewis<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property and Casualty Insurance Company |
| **Title of Action:** | Patrick Schroder vs. Nationwide Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Montgomery County District Court, Texas |
| **Case/Reference No:** | 15-11-12639 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/04/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Montgomery Co. Dist. Clerk's Office
E. Dobbs
301 N Main Street

Conroe     TX     77301

**USPS CERTIFIED MAIL™**

9214 8901 4633 9311 2469 30

Nationwide Property and Casualty Insurance
Company
c/o Corporation Service Company
211 E 7th Street, Suite 620

Austin        TX   78701-3218

# CITATION

### Cause Number: 15-11-12639

Clerk of the Court
Barbara Gladden Adamick
P.O Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Chad T. Wilson
1322 Space Park Dr  Ste A 155
Houston TX  77058

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:  Nationwide Property and Casualty Insurance Company
     c/o Corporation Service Company
     211 E 7th Street Suite 620
     Austin TX 78701-3218

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed in said court on this the 30th day of November, 2015, numbered 15-11-12639 on the docket of said court, and styled, Patrick Schroder, Elaine Schroder VS Nationwide Property and Casualty Insurance Company, Curtis Martin

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 1st day of December, 2015.

                              Barbara Gladden Adamick, District Clerk
                                    Montgomery County, Texas

     (SEAL)

                    By: _Emily Dobbs_____

                                    Emily Dobbs, Deputy

# OFFICER'S RETURN

Cause No. 15-11-12639

Court No: 284th Judicial District Court

Style: Patrick Schroder, Elaine Schroder VS. Nationwide Property and Casualty Insurance Company, Curtis Martin

To: Nationwide Property and Casualty Insurance Company

Address: c/o Corporation Service Company
211 E 7th Street Suite 620
Austin TX 78701-3218

Came to hand the ____ day of _____, 20 ___ at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure, at the following times and places, to wit:

Name          Date/Time          Place, Course and distance from Courthouse
_____

Manner of service: _____

*And not executed as to the defendants(s)
The diligence used in finding said defendant(s) being: _____

And the cause of failure to execute this process is: _____

And information received as to the whereabouts of said defendant(s) being: _____

FEES:
Serving Petition and Copy          $_____
TOTAL                              $_____

                                              OFFICER
_____          County, Texas
                          By: _____ Deputy

AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107, the officer, or authorized person who serves, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is _____ my date of birth is _____/_____, and my address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____, on the ____ day of _____, 20____.

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

Received and E-Filed for Record
11/30/2015 12:29:32 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. ___15-11-12639___

| | | |
|---|---|---|
| PATRICK AND ELAINE SCHRODER, | § § § | IN THE JUDICIAL COURT OF |
| Plaintiffs, | § § | |
| V. | § § | MONTGOMERY COUNTY, TEXAS |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY AND CURTIS MARTIN, | § § § § § | Montgomery County - 284th Judicial District Court |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Patrick and Elaine Schroder ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Nationwide Property and Casualty Insurance Company ("Nationwide") and Curtis Martin ("Martin") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiffs, Patrick and Elaine Schroder, reside in Montgomery County, Texas.

3.  Defendant, Nationwide Property and Casualty Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Nationwide, through its registered agent for service, **Corporation**

**Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218**.  Plaintiffs request service at this time.

4.    Defendant, Curtis Martin, is an adjuster in the course and working scope of employment with Nationwide.  Plaintiffs request service of citation upon Curtis Martin at the address listed with the Texas Department of Insurance: **830 El Dorado Avenue, Huntsville, Alabama 35802-3210**.  Plaintiffs request service at this time.

## JURISDICTION

5.    The Court has jurisdiction over Nationwide because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Nationwide's business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Martin because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

## VENUE

7.    Venue is proper in Montgomery County, Texas, because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.    Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of

the Texas Insurance Code, and violations of the Texas DTPA.

9.  Plaintiffs own a Nationwide homeowner's insurance policy, number 7842HO459075 ("the Policy"), which was issued by Nationwide.  At all relevant times, Plaintiffs owned the insured premises located at 51 Somerset Pond Place, The Woodlands, Texas 77381-5173 ("the Property").

10. Nationwide or its agent sold the Policy, insuring the Property, to Plaintiffs.  Nationwide represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' home.  Nationwide has refused that coverage which includes, but is not limited to, replacement of the roof in a manner that complies with Montgomery County building codes.

11. On or about April 19, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Woodlands, Texas, area.

12. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Nationwide against the Policy for damage to the Property.  Nationwide assigned claim number 7842 459075HO15041901 to Plaintiffs' claim.

13. Plaintiffs asked Nationwide to cover the cost of damage to the Property pursuant to the Policy.

14. Nationwide hired or assigned Martin to inspect and adjust the claim.

15. Martin conducted an initial inspection of the Property on or about June 11, 2015.  Martin generated an estimate to repair wind damage to the roof in the amount of $971.28. Specifically, Martin authorized the repair of one (1) wind damaged square, along with the replacement of six (6) exhaust caps and three (3) roof vents.

3

16.  After application of the Policy deductible, Plaintiffs were left with $0.00 to complete repairs to the Property.

17.  Martin conducted a re-inspection of the Property on or about September 21, 2015.  Martin included the same wind damages as in his initial report and added additional damages to the gutter and downspouts.  Martin's estimate of damages after his re-inspection totaled $3,471.08.

18.  Again, however, after application of the Policy deductible, Plaintiffs were left with $0.00 to complete repairs to the Property.

19.  Subsequently, Nationwide hired Donan Engineering to inspect the Property for wind and hailstorm damage.  Donan acknowledged dents in "metal surfaces such as roof ventilators and gutters" and "in downspouts on the left and right elevation."  However, Donan claimed the hail did "not significantly reduce the service life of the impacted shingles" and that the downspouts had "mechanical damage."

20.  The Donan report directly contradicts the re-inspection report by Martin that included substantial gutter and downspout damage.

21.  To date, Plaintiffs have not received any payment to make repairs to their Property.  The replacement cost is currently estimated at $37,628.45.

22.  Nationwide, through its agent, Martin, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs and yielded an unrealistic amount to underpay coverage.

23.  Nationwide has ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage, in a manner that complies with

4

Montgomery County building codes.

24. As stated above, Nationwide improperly adjusted Plaintiffs' claim. Without limitation, Nationwide misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

25. Nationwide made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Nationwide made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Martin.

26. Plaintiffs relied on Nationwide's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

27. Upon receipt of the inspection and estimate reports from Martin, Nationwide failed to assess the claim thoroughly. Based upon Nationwide's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Nationwide failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

28. Because Nationwide failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

29.     Furthermore, Nationwide failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Nationwide refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

30.     Nationwide's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant Nationwide and Plaintiffs.

31.     Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Nationwide has failed to settle Plaintiffs' claim in a fair manner, although Nationwide was aware of its liability to Plaintiffs under the Policy. Specifically, Nationwide has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

32.     Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Nationwide failed to provide Plaintiffs a reasonable explanation for partial denial of the claim.

33.     Additionally, after Nationwide received statutory demand on or about September 30, 2015, Nationwide has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

34.  Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4).  Nationwide refused to provide full coverage to Plaintiffs under the Policy due to Defendants' failure to conduct a reasonable investigation.

35.  Specifically, Nationwide, through its agents, servants, and representatives, namely Martin, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

36.  Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.  Nationwide failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

37.  Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.  Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Nationwide has delayed full payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received rightful payment for their claim.

38.  Nationwide's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

39.     Nationwide is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiffs.

40.     Nationwide's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

41.     Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

42.     Nationwide's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

43.     Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

44.  Nationwide's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

45.  Nationwide's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46.  Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

47.  Nationwide's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48.  Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

49.  Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Nationwide knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

9

## DTPA VIOLATIONS

50.    Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Nationwide pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Nationwide. Specifically, Nationwide's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nationwide's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Nationwide represented to Plaintiffs that the Policy and Nationwide's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Nationwide represented to Plaintiffs that Nationwide's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

10

E.   Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   Nationwide's actions are unconscionable in that Nationwide took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.   Nationwide's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

51.   Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiffs' damages. All of Nationwide's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

52.   Nationwide is liable to Plaintiffs for common law fraud.

53.   Every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Nationwide knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

11

54.   Nationwide made these statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT CURTIS MARTIN

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

55.   Martin's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

56.   Martin is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Nationwide, because Martin is a "person," as defined by TEX. INS. CODE §541.002(2).

57.   Martin's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

58.   Martin's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a) (3).

59.   Martin knowingly underestimated the amount of damage to the Property.  As such, Martin failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

60.     Furthermore, Martin did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

61.     Martin's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Martin pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Martin. Specifically, Martin's violations of the DTPA include the following matters:

A.      By his acts, omissions, failures, and conduct, Martin has violated sections 17.46(b) (2), (5), and (7) of the DTPA. Martin's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.      Martin represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.      Martin represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

D.      Martin's actions are unconscionable in that Martin took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Martin's

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Martin's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

62.    Each of Martin's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Martin, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

### KNOWLEDGE

63.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

### WAIVER AND ESTOPPEL

64.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### DAMAGES

65.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above.

14

66.     Plaintiffs currently estimate that actual damages to the Property under the Policy are $37,628.45.

67.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

68.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, consequential damages, together with attorney's fees.

69.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

70.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

71.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Nationwide owed, exemplary damages, and damages for emotional distress.

15

72.   Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

73.   For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

74.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

75.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment

16

interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

76.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

77.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Nationwide Property and Casualty Insurance Company and Curtis Martin, be cited and served to appear, and that upon trial hereof, Plaintiffs, Patrick and Elaine Schroder, recover from Defendants, Nationwide Property and Casualty Insurance Company and Curtis Martin, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

17

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Kimberly N. Blum
Bar No. 24092148
Kblum@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFFS

**CERTIFIED MAIL**™





U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 77301
02  1W
0001376286 DEC. 02. 2015

$ 006.49⁰



Received and E-Filed for Record
12/11/2015 11:05:19 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 15-11-12639

| | | |
|---|---|---|
| PATRICK AND ELAINE SCHROEDER | § § § | IN THE JUDICIAL DISTRICT COURT |
| Plaintiffs, | § § | |
| VS. | § § | MONTGOMERY COUNTY, TEXAS |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE and CURTIS MARTIN | § § § § | |
| Defendants. | § § | 284TH JUDICIAL DISTRICT COURT |

## DEFENDANTS', NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY AND CURTIS MARTIN, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY and CURTIS MARTIN, Defendants in the above styled and numbered cause, and file this, their Original Answer to the Plaintiffs' Original Petition, and in support thereof, would respectfully represent and show unto the Court the following:

### I.
### GENERAL DENIAL

1.     Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendants assert a general denial to the material allegations contained in Plaintiffs' Original Petition or latest amended Petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and demands Plaintiffs be required to prove their charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws

---

DEFENDANT NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY'S AND CURTIS MARTIN'S ORIGINAL ANSWER-PAGE 1

of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

## II.
### SPECIFIC DENIALS

2.      Defendants specifically deny they engaged in violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act, and further deny they are liable for damages under those statutes or that it is liable for exemplary damages.

## III.
### AFFIRMATIVE DEFENSES

3.      Further answering, Defendants assert with respect to Plaintiffs' claim or any potential claim for punitive damages, any award of punitive damages must be limited to the greater of:  (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §41.002-41.009, including the increased burden of proof.

4.      Further answering, under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendants assert that any claim which is based upon a misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiffs are charged with knowledge of the contents of all relevant policies at issue.

5.      Further answering, Defendants assert there is no ambiguity in the contract as there is only one reasonable interpretation.  *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex. 2003).

6.      Further answering, Defendants assert Plaintiffs' damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

7.      Defendants would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by an insured in obtaining such policy.

8.      Defendants asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the policy. No reference to specific terms, conditions, provisions, limitations, requirements, and exclusions of the policy in this pleading shall be interpreted to limit the generality of the foregoing or of the general provisions referenced in subsequent paragraphs. To the extent the policy provides additional rights, remedies, or options available to Defendants that are not pleaded in this answer, Defendants do not waive their right to invoke such provisions either contractually or by further pleading.

9.      Defendants further alleges Plaintiffs' claim for pre-judgment interest is limited by the dates and amounts set forth in the following:

- Art. 5069-1.05 § 6, Tex. R. Civ. Stat;

- Chapter 304, Tex. Fin. Code; and

- Chapter 41, Tex. Civ. Prac. & Rem. Code

10.     By way of further answer, Defendants made no material misrepresentation to Plaintiffs and no false representation to Plaintiffs. Accordingly, Plaintiffs' cause of action for misrepresentation must necessarily fail. Further answering, Defendants are not liable in whole or in part to Plaintiffs for any damages Plaintiffs may have suffered, which Defendants deny, because Defendants' actions or inactions were not a producing or proximate cause of damages, injury or loss suffered by Plaintiffs.

11.     Defendants would assert that the Court should instruct the jury as to whether any recovery sought by the Plaintiffs is subject to federal or state income taxes.

12.     Further answering, Defendants deny Plaintiffs' claim alleging bad faith against Defendant, as a *bona fide* controversy existed and continues to exist concerning the allegedly covered loss and Plaintiffs' entitlement to insurance benefits under the Policy. The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

13.     Further answering, Defendants assert Texas does not recognize a cause of action against an insurer or for common law negligence, common law fraud, misrepresentation or nondisclosure as breach of the duty of good faith and fair dealing is the only common law cause of action against an insurer. *Universe Life Ins. Co. v. Giles,* 881 S.W.2d 44, 53 n. 6 (Tex.App.-Texarkana 1994), aff'd in part, rev'd in part, 950 S.W.2d 48 (Tex.1997).

14.     Defendants would further show the underlying claims are not covered under the policy to the extent such claims do not seek damages within the meaning of such policy.

15.     Any coverage for the underlying claims to which Plaintiffs' current Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations applicable to the alleged policy.

16.     Defendants *reserve* the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiffs' claims and upon further investigation as to the provisions, terms and conditions of the policy.

## IV.
### NOTICE OF DOCUMENTS TO BE USED AT TRIAL

17.     Pursuant to TEX. R. CIV. P. 193.7, Defendants hereby notify Plaintiffs of Defendants' intent to use all documents exchanged and produced between the parties including, but not limited to, correspondence, discovery responses, and deposition testimony and exhibits during the trial of this matter and in any motions for summary judgment.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial and hearing hereof, that no recovery be had from Defendants, but that Defendants goes hence without day and recover their costs, and for such other and further relief to which Defendants may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: /s/Randall G. Walters
RANDALL G. WALTERS – 20819480
randy.walters@wbclawfirm.com
Service of Documents:
WaltersEDocsNotifications@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214/347-8381 – FAX
214/347-8380 – DIRECT
214/749-4805 – MAIN

**CERTIFICATE OF SERVICE**

This is to certify that on this 11th day of December 2015, a copy of the above and foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/Randall G. Walters
RANDALL G. WALTERS